## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:11CR156 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | |
| EVANGELINA TORRES, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motions of defendant Evangelina Torres (Torres) to dismiss the Indictment (Filing No. 31); to dismiss Counts I, II and III, of the Indictment, strike surplusage, and for a Bill of Particulars (Filing No. 33); to dismiss the Superseding Indictment (Filing No. 55); to dismiss Counts I, II and III of the Superseding Indictment, strike surplusage, and for a Bill of Particulars (Filing No. 57); and to suppress (Filing No. 29). Torres is charged in the Superseding Indictment with the use of an identification document not lawfully issued to her on May 11, 2010 (Count I), and on August 14, 2009 (Count II), in violation of 18 U.S.C. § 1546(b); the false representation of a Social Security number on May 11, 2010 (Count III), and on August 14, 2009 (Count IV), in violation of 42 U.S.C. § 408; and falsely representing herself to be a U.S. citizen on May 11, 2010 (Count V) and on August 14, 2008 (Count VI), in violation of 18 U.S.C. § 911. **See** Filing No. 38.

Evidentiary hearings were held on Torres' motions on September 6, 2011, and October 25, 2011. Torres was present for the hearings along with her counsel, Bassel F. El-Kasaby on September 6, 2011, and Paul J. Forney on October 25, 2011. The United States was represented by Assistant U.S. Attorney Christopher L. Ferretti at both hearings. Laura-Garcia Hein, a certified interpreter in the Spanish language, served as the interpreter for the hearings. During the September 6, 2011, hearing, the court heard the testimony of Special Agent Kevin Archer (Agent Archer) of Homeland Security Investigations under U.S. Immigration and Customs Enforcement (ICE) and received into evidence the following Exhibits: Exhibit 1 - Discovery packet (Bates stamped 1-33) and Exhibit 2 - the back of Form I-9. During the evidentiary hearing on October 25, 2011, no additional witnesses or exhibits were offered or received. A transcript (TR.) of the September 6, 2011, hearing was

prepared and filed on September 13, 2011 (Filing No. 54).  A supplemental transcript (STR.) of the October 25, 2011, hearing was prepared and filed on November 2, 2011 (Filing No. 66).

## FINDINGS OF FACT

In January 2011, ICE conducted an I-9 audit of Nebraska Beef in Omaha, Nebraska, which involved the company submitting employment verification forms to the ICE office for review (TR. 7-8).  ICE determined there were fourteen names whose dates of birth and Social Security numbers matched identity theft complaints filed with the Federal Trade Commission (FTC) (TR. 8).

On May 3, 2011, fourteen to seventeen ICE officers, dressed in civilian clothing, traveled to the Nebraska Beef plant to investigate the fourteen names to see if the victim or the suspect was working at Nebraska Beef (TR. 8).  The suspect employees were called to a training room by Nebraska Beef management and the ICE officers called out individual names so that the person could accompany them to an adjacent locker room where the individual suspects were separately interviewed (TR. 8-9).  Agent Archer was assigned the file of Marie Alvarez and he called out her name whereupon the defendant Torres approached Agent Archer (TR. 9).  Agent Archer asked Torres if she spoke English, and she stated she did not (TR. 9).  Agent Archer then turned the interview over to ICE Special Agent Jeffrey Stork (Agent Stork) who spoke Spanish (TR. 9-10).  Agent Stork asked Torres three questions (TR. 10).  When asked what her name was, Torres responded "Evangelina Torres" (TR. 10).  When asked where she was born, Torres said "Mexico" (TR. 10).  When asked whether she had any paperwork or permission to live and work in the United States, Torres said "No" (TR. 10).  At that point, Torres was detained, moved further down the locker room where she was handcuffed (TR. 10).  Torres was then transported with other detainees to the ICE enforcement removal office in Omaha where she was to be processed for immigration proceedings (TR. 10).

At the ICE enforcement removal office, Torres was fingerprinted and advised of her *Miranda* rights (TR. 12-13).  Torres invoked her right to counsel (TR. 14).  Torres' fingerprints were then run through various databases for prior encounters with immigration

2

authorities (TR. 13).   Torres had no record (TR. 20).   Torres was then processed administratively for immigration proceedings (TR. 13).  Torres was asked about her children and she was allowed to call one of her children to make arrangements to care for her minor children (TR. 21).   Torres was provided an ICE Form 862, a notice to appear before an immigration judge (TR. 13).   As part of the immigration proceedings, ICE placed Torres in a no bond status pending prosecution (TR. 15).   Agent Archer testified he was going to present the case for prosecution and it was standard procedure in cases of identity theft to hold the suspect without an immigration bond because of the possibility of criminal prosecution (TR. 25).

Agent Archer prepared a prosecution report on May 5, 2011 (Exhibit 1, p. 3).  The grand jury returned an Indictment against Torres on May 20, 2011 (Filing No. 1).  Torres initially appeared before a magistrate judge on May 24, 2011 (Filing No. 8).  A Superseding Indictment was filed on August 24, 2011 (Filing No. 38).

## LEGAL ANALYSIS

Torres filed a motion to suppress   (Filing No. 29) after the Indictment was filed asserting she was interrogated while in custody at Nebraska Beef on May 3, 2011, without having been advised of her *Miranda* rights.   Torres seeks the suppression of all evidence obtained following such interrogation.  Torres also filed a motion to dismiss the Indictment as a sanction for failure to bring Torres timely before a magistrate judge (Filing No. 31) and a motion to dismiss the Indictment for a defect in the pleadings or alternatively, to strike surplusage and order a Bill of Particulars regarding the Indictment (Filing No. 33).  Prior to the initial evidentiary hearing on the motion to suppress, a Superseding Indictment was filed and Torres was given leave to file supplemental motions directed to the Superseding Indictment (TR. 28).  Torres filed a supplemental motion to dismiss (Filing No. 55) the Superseding Indictment on the same basis as the original motion to dismiss and a motion to dismiss, or alternatively, to strike surplusage and order a Bill of Particulars (Filing No. 57) regarding the Superseding Indictment on the same bases as previously urged.  The motions to dismiss the Indictment (Filing Nos. 31 and 33) are moot with the return of the

Superseding Indictment and should be denied as moot.  The motion to suppress and the motions to dismiss filed in response to the Superseding Indictment will be discussed below.

### A. Motion to Dismiss (Filing No. 55)

Torres seeks to dismiss the Indictment alleging that Torres was detained from the date of her arrest on May 3, 2011, to the date of her first appearance before a magistrate judge on May 24, 2011, in violation of 8 U.S.C. § 1357(a)(4), which provides:

§ 1357.  Powers of immigration officers and employees - -

(a)   Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant–

* * *

(2) to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States;

* * *

(4) to make arrests for felonies which have been committed and which are cognizable under any law of the United States regulating the admission, exclusion, expulsion, or removal of aliens, if he has reason to believe that the person so arrested is guilty of such felony and if there is likelihood of the person escaping before a warrant can be obtained for his arrest, but the person arrested shall be taken without unnecessary delay before the nearest available officer empowered to commit persons charged with offenses against the laws of the United States.

8 U.S.C. § 1357(a).

Torres argues she was arrested at Nebraska Beef on May 3, 2011, by ICE officers and was detained without being brought before a magistrate judge on the criminal charges until May 24, 2011.  Furthermore, pursuant to Fed. R. Crim. P. 5(a), Torres claims her

4

Fourth Amendment rights were violated by the delay.  As a sanction for such delay, Torres urges the dismissal of the Indictment.  Torres' reliance upon Section 1357 is misplaced as is her Fourth Amendment claim.

Torres was arrested on immigration charges at Nebraska Beef on May 3, 2011, and was placed in removal proceedings that same day (Exhibit 1, p. 34).  While Torres was being investigated for various criminal charges, Torres was not indicted on these charges until May 20, 2011 (Filing No. 1).  Thereafter, Torres was brought before a magistrate judge on May 24, 2011, for her initial appearance (Filing No. 5).  As pointed out by the government, Torres was arrested pursuant to Section 1357(a)(2) on immigration charges and promptly brought before an immigration examination officer.  While still in immigration custody, a criminal investigation continued with additional investigation.  The mandates of Section 1357(a)(4) are inapplicable in this case.  Furthermore, there was no unreasonable delay under Rule 5(a) of the Federal Rules of Criminal Procedure in bringing Torres before a magistrate judge after arrest on the Indictment.  *Cf. United States v. Encarnacion*, 239 F. 3d 395, 399-400 (1st Cir. 2001).  Torres' claim the arrest at Nebraska Beef was solely for criminal charges and the time frames involved after being taken into custody should apply is without merit.  The motion to dismiss should be denied.

### B.  Motion to Dismiss or for Alternate Relief (Filing No. 57)

Torres asks the court to dismiss the Superseding Indictment for being facially defective as being vague, duplicitous, and superfluous, or alternatively to strike language in various counts of the Superseding Indictment or for a Bill of Particulars.  All counts of the Superseding Indictment track the language of the various statutes charged in specific language so as to properly advise Torres what she is charged with in order to be able to defend herself at trial and to protect herself from double jeopardy.  *United States v. Hamling*, 418 U.S. 87 (1974); *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002).  Torres' motion to dismiss the Superseding Indictment for a defect in the pleadings is without merit.

Torres' claim that her purported use of an Iowa non-driver identification card as alleged in Counts I and II of the Superseding Indictment cannot satisfy the requirements of § 274A of the Immigration and Nationality Act (INA) is without merit since a state ID card is an authorized form of identification which can be used under 8 U.S.C. § 1324a(b)(1)(D)(i) and is further delineated as an acceptable form on the rear of the I-9 required for employment by the INA (Exhibit 2). Torres' motion to strike superfluous language in Counts I and II of the Superseding Indictment is without merit.

Torres also asserts she is entitled to a Bill of Particulars requiring the government to specify the type of conduct that is being charged in the various counts. The government has provided Torres with the reports and documentary evidence which will be used in the case (Exhibit 1). A Bill of Particulars is not warranted as the Superseding Indictment and the discovery provided Torres adequately informs her of the nature of the charges against her, minimizes any surprise at trial, and enables her to avoid double jeopardy in the event of future prosecution. *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). A bill of particulars is not a proper tool for discovery. *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Livingstone*, 576 F.3d at 884; *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); **see also** *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars."). Torres' request for a Bill of Particulars should be denied.

### C.  Motion to Suppress (Filing No. 29)

Torres asserts her initial questioning by Agent Archer occurred while she was in custody and without being provided her *Miranda* rights. Torres asserts the identity information learned from the "three questions" was illegal and any subsequent information was the fruit of the poisonous tree and inadmissible at trial.

Torres was not in custody for the purpose of *Miranda* warnings when she was questioned by Agent Archer. The employees gathered in the conference room were not in custody considering all the factors of *United States v. Griffin*, 922 F.2d 1343, 1349 (8th

6

Cir. 1990).   Torres was not placed in handcuffs, the agents were in civilian clothing, no firearms were brandished or displayed, and no threats or force was used by the agents. Torres asserts the "three questions" were interrogation requiring *Miranda* warnings. Routine questions for "basic identification purposes is not interrogation under *Miranda*, even if the information turns out to be incriminating." *United States v. McLaughlin*, 77 F.2d 388, 391-92 (8th Cir. 1985); **see** *United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1039 (8th Cir. 2010).   Even if Torres had been entitled to *Miranda* warnings before the "three questions," ICE would have been able to establish her identity, and the information gathered following Torres' immigration detention would be admissible in evidence and not subject to exclusion.  Torres' motion to suppress should be denied.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

1.   Torres' motions to dismiss (Filing Nos. 31 and 33) be denied as moot;

2.   Torres' motion to dismiss (Filing No. 55) be denied;

3.   Torres' motion to dismiss, or alternatively to strike surplusage or for a Bill of Particulars (Filing No. 57) be denied; and

4.   Torres' motion to suppress  (Filing No. 29) be denied.


**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 6th day of December, 2011.

BY THE COURT:

s/ Thomas D. Thalken

United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.